UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EARNEST BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 15-CV-1284 |
| | ) |
| BLOOMINGTON POLICE DEPT., | ) |
| JAREED BIERBAUM, | ) |
| J. GARY SUTHERLAND, and | ) |
| SGT. GRAY, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se from his detention in the McClean County Jail, has filed a complaint challenging his arrest and the prosecution of charges against him. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## Allegations

Plaintiff alleges that, on June 17, 2014, a man named Larry Lewis falsely told Officer Bierbaum that Plaintiff had sold Mr. Lewis cocaine.

Plaintiff alleges that he had "audio and visual evidence" to exonerate him of this false accusation, and that Officer Bierbaum allegedly became aware of this evidence on June 19, 2014. Whether Plaintiff was arrested before or after Officer Bierbaum learned of this information is not clear. In any event, the criminal prosecution of Plaintiff continued despite the exonerating evidence.

Plaintiff filed an internal complaint within the Bloomington Police Department to protest his arrest and prosecution, but Defendants Sutherland and Gray allegedly refused to take corrective action.

In addition to monetary relief, Plaintiff asks that the false charges against him be dropped, that the citizen who made the false statement be charged, that Officer Bierbaum be fired, and that Defendants Gray and Sutherland be suspended.

## Analysis

A "'warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue.'" Hart v. Mannina, --- F.3d ---, 2015 WL 4882405 * 9 (7th Cir. 2015).

While Plaintiff does allege that Officer Bierbaum knew that Larry Lewis was lying or unreliable, Plaintiff's allegations are too conclusory and potentially contradictory to state a claim without more detail. For example, the timing of Officer Bierbaum's knowledge that Mr. Lewis was lying is unclear. Did Officer Bierbaum learn that Mr. Lewis' statement was false before or after Plaintiff was arrested? The difference is important because if the exonerating evidence surfaced after Plaintiff's arraignment, the claim would not be one for false arrest but instead possibly for malicious prosecution, a state law claim which requires that the prosecution end in Plaintiff's favor. Llovet v. City of Chicago, 761 F.3d 759, 762 (7th Cir. 2014)(Fourth Amendment claim drops out

at point of arraignment); Ray v. City of Chicago, 629 F.3d 660, 664 (7th Cir.2011) (no § 1983 action because Illinois has malicious prosecution claim available); Swick v. Liautaud, 169 Ill.2d 504, 512 (1996)(malicious prosecution claim requires termination of criminal proceedings in plaintiff's favor).  If Officer Bierbaum reasonably relied on Mr. Lewis' statement when Plaintiff was arrested, exonerating evidence which surfaced later would not render Officer Bierbaum's affidavit knowingly false when made.  "A police officer is permitted to rely on information provided by an eyewitness as long as the officer reasonably believes the witness is telling the truth." Id.

Additionally, Plaintiff does not explain how Officer Bierbaum became aware that Mr. Lewis was lying.  Plaintiff alleges that Officer Bierbaum listened to an exonerating audio recording, but Plaintiff does not explain what was in the recording that would have suggested to Officer Bierbaum that Mr. Lewis was lying.

In short, not enough facts are provided to state a plausible federal claim against Officer Bierbaum.  Plaintiff will be given an opportunity to file an amended complaint against Officer Bierbaum.

As to the other Defendants, the Court sees no possible federal claim against them. Defendants Sutherland and Gray allegedly failed to take action in Plaintiff's favor after Plaintiff filed a complaint with the police department. That is not enough to state a constitutional violation. "Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985). Nor may a claim be pursued against the police department, since the department is not a suable entity. *See* Gray v. City of Chicago, 159 F.Supp.2d 1086 (N.D. Ill. 2001)(Chicago Police Department does not have legal existence separate from City of Chicago); Hall v. Village of Flossmoor Police Dept., 2012 WL 379902 *2 (N.D. Ill. 2012)("Police departments are departments of the municipalities they serve; they do not have distinct legal existences under Illinois law.").

**IT IS ORDERED:**

    1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

By October 16, 2015, Plaintiff may file an amended complaint against Officer Bierbaum.  Failure to file an amended complaint will result in the dismissal of this action for failure to state a claim and the assessment of a "strike" pursuant to 28 U.S.C. § 1915(g).

    2) If Plaintiff files an amended complaint, the amended complaint will replace Plaintiff's original complaint in its entirety. Piecemeal amendments are not accepted.

ENTERED:  09/22/2015

FOR THE COURT:

                              **s/Joe Billy McDade**
                              JOE BILLY MCDADE
                    UNITED STATES DISTRICT JUDGE